The opinion of the Court, was delivered by
Hornblower, C. J.
After tliis cause liad been once or twice carried down for trial, upon the general issue, the defendant pleaded, puis darrein continuance, in bar, that on &c. the lessor of the plaintiff entered upon the premises in question, “in and «pon the possession of the defendant,” and then and there took possession of the said premises, and froiri thence hitherto held the same against the said defendant. To this plea the plaintiff replied, predudi notice, because the defendant, after issue'joined, to wit, on See. abandoned the possession of the premises, and gave notice thereof to the lessor of the plaintiff, who thereupon and for that cause entered and took possession, absque hoc, that the lessor of the plaintiff “entered in and upon the possession of the defendant &c. as the defendant in his said plea had alleged: and concluded with a verification and prayer for judgment and his damages by‘reason of the trespasses in the declaration mentioned &c. To this replication the defendant rejoined, that after the commencement of the action, and after issue joined therein, to wit, on &c. the lessor of the plaintiff “demanded” of the defendant the possession of the premises in question, and thereupon took possession of the same; absque hoc, that the defendant “ abandoned the possession &c. on &c. and thereupon gave uo *427 tice thereof to the lessor of the plaintiff, as the plaintiff hád in his replication alleged: again concluding with a verification and prayer of judgment in bar,
To this rejoinder, the plaintiff filed a special demurrer.
Upon the argument of this cause, we were ail of opinion, that the rejoinder wag bad: it was a plain departure from the matter set up in the plea; and not only so, but it was an attempt on the part of the defendant to tender a traverse upon a traverse. This is contrary to the general rule of pleading, Gould’s pl. 400 ch. 7, sec. 42 &c.; Co. Litt. 304 a.; 2 Wils. 96, Palmer v. Stone et al. 1 Wils. 122; Harding v. Holmes; 4 T. R. 504; Niblet v. Smith; 2 Saund. 84, n. 1; and the defendant does not bring himself within the exception to that rule; for the traverse taken by the plaintiff was clearly a material one, if the matter pleaded by the defendant constituted a good defence. We should therefore, have given judgment at once for the plaintiff on the demurrer; but the counsel for the defendant desired the opinion of the court upon the merits of the plea, and intimated an intention to move for leave to amend, if the court should be of opinion, the matter contained in the plea, was a bar to any further prosecution of the suit. The discussion was therefore continued by; the counsel on both sides, and two questions were made, namely: First, Whether an entry by the lessor of the plaintiff “ in and upon the possession of the defendant,” after action brought, could be pleaded either in bar or abatement, after the last continuance? and Second, If it could be pleaded at all, whether it should be pleaded as a bar to the further maintenance of the action, or only in abatement thereof.
This plea was undoubtedly suggested to the defendant’s counsel by the case of Moore v. Hawkins, Yelv. R. 180, and the old cases cited in the margin of that book: but the action of ejectment now, is a very different remedy from what it was in the reigns of Elizabeth, and James. It was then an action between real parties; a mere action of trespass to recover the damages sustained by a lessee for years, when ousted of his possession. It is now a legal proceeding for the trial of possessory titles; and in this state it is the only mode in which the title to lands can be tried. Nor is this all; it is an action, substantially between the lessor of the plaintiff and the tenant, in which not only the till© *428 is to be tried, but in which the plaintiff, if he proves his title, may recover the mesne profits, by way of damages for the supposed trespass. Peter’s Cir. Ct. R.
By the pleadings in this case, we are presented with three different statements: First, The defendant says, the plaintiff en-» tered in and upon his possession. Second, The plaintiff denies such entry, but alleges, that the defendant abandoned the possession and gave him notice that he had done so, in consequence of which, lie entered &c. and then Thirdly, The defendant denies that he abandoned the possession, but says the plaintiff demanded the possession of him, and thereupon entered.
Now' let us see, whether upon principle, an acquisition of the possession of the premises, by the plaintiff, after action brought and issue joined, in either of the ways above stated, ought to abate or defeat the plaintiff’s action.
Why should a tenant who has wrongfully entered upon and held my land, and enjoyed the rents and profits for years, by abandoning,the possession, or by voluntarily yielding it up to me, after suit brought ami issue joined, and when perhaps he finds the law will not suffer him to retain the premises much longer, defeat my remedy against him for the mesne profits and costs of suit? It is mot indeed, insisted that the mere abandonment of the possession by the defendant, will affect the plaintiff’s rights; but it is,argued, that as the recovery of the possession was the principle object of the suit, if the plaintiff chooses to enter after the tenant has abandoned the possession, or accepts the possession at the bands of the tenant, he ought not afterwards to proceed in his action. But Í can see no reason or justice in such a rule. A man has possession of, and has long enjoyed my dwelling house or farm; he puts me to an ejectment, and joins issue in the suit; pending the action, he voluntarily abandons the possession. I roust then either leave the premises vacant, exposed to dilapidation and trespasses, or give up my action and pay my own costs. This cannot be so; nor can I see any reason why, if upon my requests, the defendant, pending the suit, yields up to me the possession, I should thereby be considered as relinquishing the suit. The defendant may indeed make it a stipulation that I shall do so; but in the absence of such agreement, I see nothing to prevent my proceeding in the action to final judgment, for the re *429 covery of my costs, and either in that suit or a subsequent one, the mesne profits.
The only doubt I ever had was, whether, if as the defendant first alleged in his plea, the plaintiff had “entered in and upon his possession,"’ and forcibly ejected him from the premises, he (the plaintiff) could afterwards proceed in the action. But upon reflection I am satisfied, that such an entry, cannot at this day, be pleaded either in bar, or in abatement of the suit. The plaintiff may have committed a trespass on the defendant, for which he may be amenable; but that is no reason why the plaintiff may not proceed in the cause and establish his title to the premises which has been put in issue by the defendant; or if the defendant does not intend any further to controvert the plaintiff’s title; .the plaintiff’s having taken the possession, whether peacefully or tortiously, is no reason why. he should not recover his costs of suit and thqmesne profits for the time the defendant had occupied the premises.
It is well settled in the books, that wjien the title or the right of possession of the lessor of the plaintiff has terminated before the trial, or before final judgment, he may still proceed to trial and final judgment, for the recovery of his costs and mesne profits. Doe v. Black, 3 Camp. 447; Bul. N. P. 98; Thrustout v. Turner, 2 Star. 1056; Frazer et al. v. Jackson, in Error, 8 Johns. R. 495, 507; Jackson v. Davenport, 18 Johns. R. 295; Austin adsm. Jackson, 1 Wend. 27; Brown v. Galloway, 1 Peters’ Cir. Ct. R. 291, and many more cases that might be cited are all to the effect above stated.
In my opinion therefore, the plea must be overruled; the facts 'stated in it, if true, constitute no bar to the further prosecution of the suit by the plaintiff; and as the defendant, by putting,in a plea since the last continuance, has waived his former plea. 1 Archb. Pr. 178, Barber v. Palmer; 1 Ld. Raym. 693; 2 Str. 1106, Vaugh v Browne; 1 Salk. 178; 1 Chitt. Pl. 636; Yeuton v. Lynn, 5 Peters’ U. S. R. 231. The plaintiff must |iave judgment final with costs.

Plea overruled. Judgment for plaintiff.